Alfonso Lam-Liu, Reg #40535-279
Federal Correctional Complex-Low
P.O. Box 1031
Coleman, FL 33521-1031
FOR THE PETITIONER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| ALFONSO LAM-LIU, | CASE NO: 5:23-cv-411-BJD-PRL |
| Petitioner, | |
| vs. | |
| JASON GUNTHER, WARDEN, FCC COLEMAN LOW, | |
| Respondent. | |

PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241

COMES NOW, Petitioner Alfonso Lam-Liu, pro se, and pursuant to 28 U.S.C. § 2241, hereby files this Petition for Writ of Habeas Corpus, and states as follows, to wit:

PERSONAL INFORMATION

1. Petitioner's full name is Alfonso Lam-Liu.

2. Petitioner is confined at the Federal Correctional Complex-Low ("FCC Low"), located at 846 Northeast Terrace, Sumterville, Florida 33521.

3. Petitioner's mailing address is:

> Alfonso Lam-Liu, Reg #40535-279
> Federal Correctional Complex-Low
> P.O. Box 1031
> Coleman, FL 33521-1031

-1-

4. Petitioner's Federal Bureau of Prison's ("BOP") inmate identification number is 40535-279.

5. Petitioner is being held on orders of the federal authorities.

6. Petitioner is a sentenced prisoner, after having been convicted of a federal crime, who is currently serving a 235-month prison sentence, which was imposed by the United States District Court, for the Southern District of Texas, under cause number 7:2008-CR-01305-001, said sentence having been imposed on November 29, 2011, the District Judge Atlas presiding.

## DECISION/ACTION BEING CHALLENGED

7. Petitioner is challenging the calculations of his Earned Good Time Credits ("ETC"), which are to be awarded under the First Step Act of 2018 ("FSA").

8. The BOP withheld 180-days of GTC from the Petitioner on the basis that the Petitioner does not have a General Education Diploma ("GED") or High School Diploma ("HSD").

9. Petitioner received his HSD in Mexico, prior to entering the United States, from an appropriate and recognized educational institution.

10. The BOP Education Staff has previously verified the Petitioner's receipt of his HSD and has made notations into his Federal SENTRY case file denoting this information.

11. In 2012 while the Petitioner was being confined at the federal facility in Bastrop, Texas, the Petitioner was

told that he needed to enroll in, and complete the GED program, as a part of his TEAM goals.

12. Petitioner advised the Education Staff in Bastrop that he had his HSD, and provided education staff with the information to make contact with the Mexico education institution to verify that he had his HSD.

13. Subsequent to being provided that information, BOP Bastrop authorities verified that the Petitioner had his HSD, and notified Case Management Staff of the same.

14. Upon receipt of the verification of the HSD, the Petitioner's requirement to obtain a GED while in BOP custody was rescinded.

15. In 2023, BOP case management staff again entered into SENTRY the requirement that the Petitioner obtain his GED, despite the SENTRY records that confirmed the Petitioner had received his HSD in Mexico.

16. BOP staff removed 180-days of GTC from the Petitioner as a result of his failure to attend the GED program at BOP, even though the referral was inappropriate, improper, and contrary to the law.

17. The law states that a person who holds a HSD, or high school equivalent certificate, may not obtain a GED or HiSET Certificate.

18. Petitioner has repeatedly addressed this issue with institution staff, all to no avail. The removal of GTC from the Petitioner is improper and should not have been done by BOP staff.

19. Petitioner has been assessed as a "Minimum" Recidivism Risk, using the BOP's PATTERN 1.3 Assessment. As such, the Petitioner is eligible to receive GTC's under the FSA.

20. Respondent has permitted the withholding of the Petitioner's GTC's on the basis of an allegation that the Petitioner refused applicable programming, which is an inaccurate depiction. The Petitioner was deemed by the Education Department not to need the GED, as the Petitioner has a valid, and verified, HSD from Mexico.

21. As a result of the GTC's being withheld from the Petitioner, the Petitioner is being denied access to programs and services that are regularly and routinely made available to all other inmates, in violation of the law.

EARLIER CHALLENGES

22. Petitioner has not filed any earlier challenges regarding this matter in any other court, either state or federal.

23. Petitioner has made several attempts to obtain access to the Administrative Remedy Program ("ARP") to seek administrative resolution of these claims. However, the Petitioner has been denied access to the ARP forms, which are held and controlled by Unit Team members, whom are the subject of the complaint herein.

24. The BOP has established the ARP and has codified the process under 28 C.F.R. § 542.

25. If access to the ARP is blocked, shut off, or impeded, as is the case here, the Petitioner has effectively exhausted the "available" administrative remedies, and has thus satisfied all requirements under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997a(e).

GROUNDS FOR CHALLENGE

**GROUND ONE:** The denial or withholding of Good Time Credits is improper and contrary to the law.

26. BOP officials have withheld 180-days of GTC from the Petitioner on the basis that the Petitioner has not earned his GED or HSD, and has subsequently refused to participate in the education program to obtain said diploma or certificate.

27. The BOP prison record is clear that the Petitioner does in fact have a valid HSD, and that the record was validated and confirmed by the BOP's Education Department.

28. BOP staff cannot legitimately require the Petitioner to attend a GED program, when the Petitioner has a valid HSD and when that record was independently verified by BOP staff.

29. Petitioner has not refused to participate in the GED program: rather, Education staff have directed the Petitioner not to do so because he has a valid and verified HSD on record with the BOP.

30. The BOP's incorrect and unlawful withholding of the Petitioner's GTC's causes the Petitioner to lose 180-days of GTC's.

31. The denial and withholding of the Petitioner's GTC effectively lengthens the Petitioner's overall sentence.

32. The denial and withholding of the Petitioner's GTC delays the Petitioner from being released to a Residential Reentry Center ("RRC") or to Home Confinement ("HC") status.

33. The Petitioner has committed no acts or violations that justify the withholding or denial of earned GTC's and the BOP's action in doing so is contrary to the law.

## CONCLUSION

For the above and foregoing reasons, and in reliance upon the record, the Petitioner requests that the Court require the Respondent to restore the previously withheld 180-days of Good Time Credit; require the Respondent to pay Petitioner compensatory damages in the amount of $2,000 per day for every day the Petitioner is held beyond the adjusted release date after appropriate application of all earned GTC's; and require the Respondent to reimburse Petitioner for all costs and fees associated with the bringing of this action.

DATED this 22ND day of June, 2023.

_____
Alfonso Lam-Liu,
Petitioner, pro se

## DECLARATION UNDER PENALTY OF PERJURY

Petitioner declares under the penalty of perjury that he is the Petitioner; that he has read the Petition (or had it read to him); and that the information contained in this Petition is true and correct. Petitioner further understands that a false statement of material fact may serve as the basis for the prosecution of perjury.

DATED this 22ND day of June, 2023.

                                            _____
                                            Alfonso Lam-Liu,
                                            Petitioner, pro se

## DECLARATION OF MAILING

Petitioner is an inmate confined in a federal penal institution. Today, June 22ND, 2023, Petitioner is depositing the foregoing document in this case into the institution's internal mail system. This institution does not have designated mailing receptacles specifically for legal/special mail. First class postage is being prepaid by the Petitioner.

Petitioner declares under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746; 18 U.S.C. § 1621.

DATED this 22ND day of June, 2023.

                                            _____
                                            Alfonso Lam-Liu
                                            Petitioner, pro se

-7-